UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN LIAN,

        Petitioner,

        v.                                                  CAUSE NO. 3:26cv522 DRL-SJF

BRIAN ENGLISH,

        Respondent.

<u>ORDER</u>

Immigration detainee John Lian filed a *pro se* motion to alter or amend judgment. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

On April 17, 2026, Mr. Lian initiated this case by filing a habeas petition challenging his immigration detention, asserting that his removal to Burma would not occur in the reasonably foreseeable future. To support this, he asserted that the government had been unable to remove him since his order of removal in 2014 and after six months of re-detention. The Warden responded that the government had obtained

travel documents from Burma on April 14, 2026, and had scheduled Mr. Lian's removal to Burma for May 12, 2026.

On June 4, 2026, the court denied the habeas petition, finding that Mr. Lian had not adequately demonstrated that his removal to Burma would not occur within the reasonably foreseeable future. The court reasoned that the record suggested that Mr. Lian had been removed as of May 12, 2026. The court further reasoned that, even if the removal had not proceeded as scheduled, the record contained no indication that removal would not occur in the near future given Burma's issuance of travel documents.

On June 16, 2026, Mr. Lian filed the pending motion to alter or amend. He argues that the court should reconsider its denial of the habeas petition because, on June 12, 2026, he was transferred back to the Miami Correctional Facility. According to Mr. Lian, his return to the Miami Correctional Facility followed his transfers to a staging facility in Louisiana and a detention center in Ohio. He argues that, if his removal to Burma had merely been delayed by a minor logistical issue, he would have remained in Louisiana to board an upcoming flight. He further argues that his return to the Miami Correctional Facility is indicative of a more significant obstacle to his removal and shows that his removal to Burma will not occur in the reasonably foreseeable future.

The court finds that this motion warrants a prompt response from the Warden. Consequently, the court will set a briefing schedule.

For these reasons, the court:

(1) ORDERS the Warden to file a response to the motion to alter or amend (ECF 12) by June 30, 2026; and

(2) ORDERS that John Lian may file a reply by <u>July 14, 2026</u>.

SO ORDERED.

June 23, 2026                                    <u>*s/ Damon R. Leichty*</u>
                                                Judge, United States District Court